UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

YUSGLEIDY VILLA ALVAREZ,

          Petitioner,

      v.

MICHAEL J. FILICETTI, in his official
capacity as Sheriff of Niagara County,
NY[1]; KRISTI NOEM, in her official
capacity as Secretary of Homeland
Security; TODD M. LYONS, in his official
capacity as Acting Director of Immigration
and Customs Enforcement; STEPHEN
KURZDORFER, in his official capacity as
Field Office Director, Buffalo Field Office,
U.S. Immigration and Customs
Enforcement; JOSEPH B. EDLOW, in his
official capacity as Director, U.S.
Citizenship and Immigration Services; and
PAMELA BONDI, in her official capacity
as Attorney General of the United States,

          Respondents.

**ORDER**

6:25-CV-6600-EAW

_____

       Petitioner Yusgleidy Villa Alvarez ("Petitioner") is a civil immigration detainee

alleging that that she is being detained in United States Immigration and Customs

Enforcement custody pending removal proceedings in violation of the United States

---

[1]      Respondent Michael J. Filicetti filed a motion to dismiss the claims against him.
(Dkt. 9). In response, Petitioner voluntarily dismissed her claims against Filicetti. (Dkt.
10). Accordingly, Filicetti's motion to dismiss is granted and the Clerk of Court is
accordingly directed to terminate him as a party.

Constitution and seeks relief under 28 U.S.C. § 2241. (Dkt. 10). Petitioner was held in Immigration and Customs Enforcement custody in the Western District of New York at the time her petition was filed.[2] (*Id.*). On October 24, 2025, the Court issued a Text Order setting a conference to discuss a briefing schedule unless the parties were able to agree on a proposed schedule. (Dkt. 2). Pursuant to the parties' agreement (Dkt. 5), the Court directed that responses to the petition were due from Respondents on or before November 12, 2025, replies on or before November 19, 2025, and set oral argument for November 21, 2025. On November 12, 2025, Respondents filed a motion to dismiss (Dkt. 8) and on November 19, 2025, Petitioner filed a reply (Dkt. 11).

On November 12, 2025, this Court issued orders in four separate cases commenced pursuant to 28 U.S.C. § 2241 (*Quituizaca Quituisaca v. Bondi*, 25-cv-6527; *Najeem v. Freden*, 25-cv-6584; *Mendoza v. Bondi*, 25-cv-954; and *Martinez v. Bondi*, 25-cv-6508), finding that noncitizens who are present in the United States without having been admitted or paroled are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226. At oral argument on the instant petition, the Court asked Respondents why, in light of those decisions, the petition in this case should not be granted to the extent it seeks a bond hearing, and the Court should not order that Petitioner receive a bond hearing at which the government bears the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk and at which the immigration judge must consider non-bond alternatives to detention

---

[2] The parties advised the Court at oral argument that Petitioner is currently being held at the Northwest Detention Center in Tacoma, Washington.

or, if setting a bond, Petitioner's ability to pay.  Respondents acknowledged that this Court's prior rulings in the four identified cases concern the same or similar challenges to the government policy or practice at issue in the instant petition and would direct the same outcome in this matter entitling Petitioner to a bond hearing.  The Court agrees.

Accordingly, for the reasons that will be set forth in a more detailed decision to be issued in due course, the petition is granted to the extent that Petitioner seeks a bond hearing, the motion to dismiss is denied, and a bond hearing shall be conducted in accordance with the following terms:

1.      Respondents are hereby directed to transfer Petitioner to the Western District of New York for purposes of conducting the bond hearing ordered below, which bond hearing must be accomplished by December 5, 2025.  Thereafter, Respondents are temporarily enjoined from transferring Petitioner outside this District pending a resolution of the petition because the Court finds that Petitioner's presence in the District is necessary to support the Court's resolution of the issues in the petition, including because it will enable Petitioner to fully participate in these proceedings and maintain adequate access to legal counsel.  *See* 28 U.S.C. § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.  The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.").  This temporary order extends to the transfer of Petitioner outside the country so as to maintain the status quo and solely so that the Court can make an informed

decision about its authority to issue relief and whether any relief that it has the power to issue should be granted.

2.      Petitioner shall be granted a bond hearing before an immigration judge ("IJ") on or before December 5, 2025.  If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

3.      At this bond hearing, the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.  In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

4.      If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

5.      Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

6.      The parties are directed to file a status update with the Court on or before December 8, 2025.  After receiving that submission, the Court will provide further instructions directed to resolution of any remaining matters raised in the petition.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      November 21, 2025
              Rochester, New York